AO 245B (SDIL Rev. 10/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Southern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> LEONARD JOHNSON ) <br> A/K/A LEONARD C. JOHNSON III ) <br> ) | **JUDGMENT IN A CRIMINAL CASE** <br><br> Case Number: **19-CR-30139-NJR-01** <br> USM Number: **14617-025** <br><br> **NICHOLAS R. WILLIAMS** <br> Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count   <u>2 of the Indictment</u>.
☐ pleaded nolo contendere to count(s)
    which was accepted by the court.
☐ was found guilty on count(s)
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §§666(a)(1)(A) and 2 | Aiding and Abetting Embezzlement from the Lessie Bates Neighborhood House, an Organization That Received Federal Funds | 2017 | 2 |

    The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    Count 1 is dismissed with prejudice on the motion of the United States.

    No fine.

    It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Restitution and/or fees may be paid to:
Clerk, U.S. District Court*
750 Missouri Ave.
East St. Louis, IL  62201

*Checks payable to: Clerk, U.S. District Court

Date of Imposition of Judgment: November 18, 2020

*/s/ Nancy J. Rosenstengel*

Signature of Judge
NANCY J. ROSENSTENGEL
CHIEF U.S. DISTRICT JUDGE
Name and Title of Judge

Date Signed:  November 18, 2020

AO 245B (SDIL Rev. 10/19) Judgment in a Criminal Case

Judgment Page **2** of **7**

DEFENDANT: LEONARD JOHNSON A/K/A LEONARD C. JOHNSON III
CASE NUMBER: 19-CR-30139-NJR-01

## PROBATION

The defendant is hereby sentenced to probation for a term of **2 years as to Count 1 of the Indictment.**

Other than exceptions noted on the record at sentencing, the Court adopts the presentence report in its current form, including the suggested terms and conditions of probation and the explanations and justifications therefor.

## MANDATORY CONDITIONS

*The following conditions are authorized pursuant to 18 U.S.C. § 3563(a):*

The defendant shall not commit another federal, state or local crime.\

The defendant shall not unlawfully possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of being sentenced to probation and at least two periodic drug tests thereafter, as determined by the Court, not to exceed 52 tests in one year.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall pay any financial penalties imposed which are due and payable immediately. If the defendant is unable to pay them immediately, any amount remaining unpaid will become a condition of probation and be paid in accordance with the Schedule of Payments sheet of the judgment based on the defendant's ability to pay.

The defendant shall make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and pay the assessment imposed in accordance with 18 U.S.C. § 3013.

The defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines, or special assessments.

## ADMINISTRATIVE CONDITIONS

*The following conditions of probation are administrative and applicable whenever probation is imposed, regardless of the substantive conditions that may also be imposed. These conditions are basic requirements essential to probation.*

The defendant shall not knowingly possess a firearm, ammunition, or destructive device. The defendant shall not knowingly possess a dangerous weapon unless approved by the Court.

The defendant shall not knowingly leave the judicial district without the permission of the Court or the probation officer.

DEFENDANT: LEONARD JOHNSON A/K/A LEONARD C. JOHNSON III
CASE NUMBER: 19-CR-30139-NJR-01

The defendant shall report to the probation officer in a reasonable manner and frequency directed by the Court or probation officer.

The defendant shall respond to all inquiries of the probation officer and follow all reasonable instructions of the probation officer.

The defendant shall notify the probation officer prior to an expected change, or within seventy-two hours after an unexpected change, in residence or employment.

The defendant shall not knowingly meet, communicate, or otherwise interact with a person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity.

The defendant shall permit a probation officer to visit the defendant at a reasonable time at home or at any other reasonable location and shall permit confiscation of any contraband observed in plain view of the probation officer.

The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

## **SPECIAL CONDITIONS**

*Pursuant to the factors in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3563(b), the following special conditions are ordered. While the Court imposes special conditions, pursuant to 18 U.S.C. § 3603(10), the probation officer shall perform any other duty that the Court may designate. The Court directs the probation officer to administer, monitor, and use all suitable methods consistent with the conditions specified by the Court and 18 U.S.C. § 3603 to aid persons on probation/supervised release. Although the probation officer administers the special conditions, final authority over all conditions rests with the Court.*

Condition: The defendant shall perform 100 hours of community service as directed by the probation officer.

Condition Explanation: The defendant shall perform community service hours through a non for profit or tax supported agency. Community service may also consist of the Court ordering the offender to provide a service on their own (e.g. talking to a classroom of kids at a school about drug use). The defendant is required to provide verification of community service hours completed to the Court and/or probation officer. The Court directs the probation officer to approve the community service placement, monitor the defendant's progress, and verify the completion of hours.

Condition: While any financial penalties are outstanding, the defendant shall not incur new credit charges or open additional lines of credit without the approval of the Court or probation officer.

Condition Explanation: While there is an outstanding fine, restitution, or special assessment obligation, the defendant is not to take on additional debt through purchases made with existing lines of credit (e.g. purchases made with any existing credit card, increasing an existing home equity line of credit, refinancing an existing mortgage, etc.) without the approval of the Court or probation officer. The defendant is not to

DEFENDANT: LEONARD JOHNSON A/K/A LEONARD C. JOHNSON III
CASE NUMBER: 19-CR-30139-NJR-01

apply for or open any new lines of credit (e.g. credit card, automobile or home loan, cellular telephone contracts, etc.) without the approval of the Court or probation officer.

Condition: While any financial penalties are outstanding, the defendant shall not open additional checking, savings, or money market accounts, or acquire any stocks, bonds, or other financial account instruments without the approval of the Court or probation officer.

Condition Explanation: While there is an outstanding fine, restitution, or special assessment obligation, the defendant shall not open any new checking, savings, or money market accounts, or acquire any new stocks, bonds, or other financial account instruments, regardless of the amount, without the approval of the Court or probation officer.

Condition: While any financial penalties are outstanding, the defendant shall provide the probation officer and the Financial Litigation Unit of the United States Attorney's Office any requested financial information. The defendant is advised that the probation office may share financial information with the Financial Litigation Unit.

Condition Explanation: While there is an outstanding fine, restitution, or special assessment obligation, the defendant is required to provide any financial information (e.g. banks statements, income verification, tax returns, verification of assets, expenses, and liabilities, etc.) to the probation officer and/or the Financial Litigation Unit of the U.S. Attorney's Office as requested.

Condition: While any financial penalties are outstanding, the defendant shall apply some or all monies received, to be determined by the Court, from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to any outstanding court-ordered financial obligation. The defendant shall notify the probation officer within 72 hours of the receipt of any indicated monies.

Condition Explanation: While there is an outstanding fine, restitution, or special assessment obligation, the defendant shall disclose to the probation officer any monies received through income tax refunds (state or federal), lottery winnings, judgments (e.g. civil suits), and/or any other anticipated or unexpected financial gains (e.g. gambling winnings, inheritance, life insurance benefits, etc.) regardless of the amount. The Court will determine the appropriate amount to be applied to any outstanding Court-ordered financial obligation, after considering the defendant's basic needs. The defendant shall notify the probation officer of the receipt of any of the above noted monies within 72 hours.

Condition: The defendant shall obtain prior approval from the Court or probation officer before entering into any self-employment.

Condition Explanation: Self-employment is not precluded but must be approved by the Court or probation officer.

AO 245B (SDIL Rev. 10/19) Judgment in a Criminal Case

Judgment Page **5** of **7**

DEFENDANT: LEONARD JOHNSON A/K/A LEONARD C. JOHNSON III
CASE NUMBER: 19-CR-30139-NJR-01

**U.S. Probation Office Use Only**

A U.S. Probation Officer has read and explained the conditions ordered by the Court and has provided me with a complete copy of this Judgment. Further information regarding the conditions imposed by the Court can be obtained from the probation officer upon request.

Upon a finding of a violation of a condition(s) of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

Defendant's Signature _____    Date _____

U.S. Probation Officer _____    Date _____

Case 3:19-cr-30139-NJR   Document 34   Filed 11/19/20   Page 5 of 7   Page ID #141

AO 245B (SDIL Rev. 10/19) Judgment in a Criminal Case

Judgment Page **6** of **7**

DEFENDANT: LEONARD JOHNSON A/K/A LEONARD C. JOHNSON III
CASE NUMBER: 19-CR-30139-NJR-01

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $23,998.00 | WAIVED | N/A | N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **Lessie Bates Davis Neighborhood House**<br>**1200 N. 13th Street**<br>**East St. Louis, IL 62205** | $23,998.00 | $23,998.00 | |

☐ Restitution amount ordered pursuant to plea agreement $_____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for ☐ fine   ☒ restitution.

☐ the interest requirement for ☐ fine   ☐ restitution is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299
\** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (SDIL Rev. 10/19) Judgment in a Criminal Case

Judgment Page **7** of **7**

DEFENDANT: LEONARD JOHNSON A/K/A LEONARD C. JOHNSON III
CASE NUMBER: 19-CR-30139-NJR-01

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A.** ☐ Lump sum payment of $_____ due immediately, balance due
  ☐ not later than _____, or
  ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B.** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below; or

**C.** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $_____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D.** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $_____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E.** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F.** ☒ Special instructions regarding the payment of criminal monetary penalties: **All criminal monetary penalties are due immediately and payable through the Clerk, U.S. District Court. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be paid in equal monthly installments of $50.00 or ten percent of his net monthly income, whichever is greater. The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several
**Christopher K. Coleman – 19-CR-30080-SMY - $270,655.71**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.